IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STONEEAGLE SERVICES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2408-P-BD |
| | § | |
| DAVID GILLMAN, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this civil action seeking, *inter alia*, a declaration of ownership and inventorship of U.S. Patent No. 7,792,686 B2 ("the '686 Patent"), defendants have filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. As grounds for their motion, defendants contend that there is no "case or controversy" because there is not a substantial, real, and immediate dispute regarding ownership or inventorship of the patent. Plaintiff counters that the facts alleged in its complaint are sufficient to show a substantial controversy of sufficient immediacy and reality to warrant declaratory relief. The issues have been briefed by the parties, and the motion is ripe for determination.

A complaint must be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998), *quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and

a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial and the court need look only to the sufficiency of the allegations of plaintiff's complaint, which are presumed to be true. *Id.* A motion to dismiss should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n*, 143 F.3d at 1010; *see also Hinds v. Roper*, No. 3-07-CV-0035-B, 2007 WL 3132277 at *2 (N.D. Tex. Oct. 25, 2007).

One of the claims asserted by plaintiff in its complaint, and the only claim giving rise to federal subject matter jurisdiction, is for a declaratory judgment that StoneEagle Services, Inc. ("SES") is the owner of the '686 Patent, and that Robert Allen is the sole inventor of the subject matter reflected in the patent. (*See* Plf. Compl. at 24). The Declaratory Judgment Act authorizes federal district courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, an "actual controversy" between the parties is necessary to establish subject matter jurisdiction under the Act. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95, 113 S.Ct. 1967, 1974, 124 L.Ed.2d 1 (1993). A justiciable controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests," rather than "an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27, 127 S.Ct. 764, 771, 166 L.Ed.2d 604 (2007). In the context of an inventorship dispute, the question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*, 127 S.Ct. at 771,

*quoting Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

In its complaint, plaintiff alleges that David Gillman, President of Talon Transaction Technologies, Inc., the entity that licensed the patented technology from plaintiff, created an actual controversy regarding ownership and inventorship of the '686 Patent by telling potential investors that Gillman "authored" or "wrote" the patent. (*See* Plf. Compl. at 16, ¶ 44). Specifically, plaintiff alleges:

> When SES's Patent and the value of the Patent became the subject of discussion, and after hearing that the potential investors associated a great deal of value to the Patent, Gillman suddenly and falsely claimed that it is his patent, that he wrote the Patent, that it is on his computer, and that he "authored" or "wrote" it, or words to that effect.

(*Id.*).[1] Gillman allegedly made these statements to potential investors at a meeting held on August 31, 2011. (*Id.* at 15, ¶ 43). Less than three weeks later, on September 16, 2011, plaintiff filed this action. In view of these allegations, which are presumed to be true, the court determines that there is a substantial, real, and immediate dispute regarding ownership and inventorship of the '686 Patent. Plaintiff is entitled to seek declaratory relief in federal district court to resolve this dispute.

## RECOMMENDATION

Defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [Doc. #95] should be denied.

---

[1] Although not necessary to the disposition of this motion, the court notes that Gillman continued to claim partial ownership and inventorship of the '686 Patent as recently as February 2, 2012, when he was deposed in this case. At his deposition, Gillman testified:

> We knew that StoneEagle and we, David Gillman, had applied for a patent. I owned half the patent. I paid half of the attorney's fees. The fact that Bobby Allen says he is the sole inventer [*sic*] of the patent is a lie.

(*See* Plf. Prelim. Resp. App. at 4).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE