IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STONEEAGLE SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:11-CV-2408-P |
| | § | |
| DAVID GILLMAN, individually, TALON | § | |
| TRANSACTION TECHNOLOGIES, INC., | § | |
| a Texas Corporation, and TALON | § | |
| TRANSACTION TECHNOLOGIES, INC., | § | |
| an Oklahoma Corporation, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Now before the Court is Defendants' Objections to the Findings and Recommendation of the United States Magistrate Judge on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1), filed on June 27, 2012. (Doc. 139.) Plaintiff filed a Response on July 11, 2012. (Doc. 145.) Defendants filed a Reply on July 25, 2012. (Doc. 163.) After reviewing the briefing, the evidence, and applicable law, the Court OVERRULES Defendants' Objections to Magistrate Judge Kaplan's Findings and Recommendations and ACCEPTS the Magistrate Judge's Findings and Recommendations. Accordingly, the Court DENIES Defendants' Motion to Dismiss.

I.   **Procedural Posture**

In this civil action seeking, *inter alia*, a declaration of ownership and inventorship of U.S. Patent No. 7.792, 686 B2 ("the '686 Patent"), Defendants filed a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction. Defendants allege there is no "case or controversy" because there is no substantial, real dispute regarding ownership or inventorship of

the patent. The case was referred for pretrial management to Magistrate Judge Kaplan, who recommended that the Court deny Defendants' Rule 12(b)(1) Motion to Dismiss.

## II. Legal Standard & Analysis

An appeal of a magistrate judge's ruling in a dispositive matter is governed by Fed. R. Civ. P. 72(b), which states that the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Based on its review, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3).

Defendants object to the Findings and Recommendations of Magistrate Judge Kaplan on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Specifically, Defendants object to Judge Kaplan's finding that the Court has subject matter jurisdiction over this case, and his recommendation that the Motion to Dismiss be denied. Accordingly, the Court reviews de novo Defendants' contentions that the Court lacks subject matter jurisdiction.

A court must dismiss a suit for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. Fed. R. Civ. Pro. 12(b)(1); *see also Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Where, as here, a motion attacks subject matter jurisdiction on the face of the complaint, a court must consider all allegations in the complaint as true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). A court may also consider—in the light most favorable to the plaintiff—any documents referenced in the complaint. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *see also Falzett v. Pocono Mt. Sch. Dist.*, 150 F.

Supp. 2d 699, 701 (M.D. Pa. 2001); *Mercado Azteca, LLC v. City of Dallas*, No. 3:03-CV-1145-B, 2004 U.S. Dist. LEXIS 18535, at *6-7 (N.D. Tex. Sept. 14, 2004).

The only claim giving rise to federal subject matter jurisdiction is for a declaratory judgment that StoneEagle Services, Inc. ("SES") is the owner of the '686 Patent, and that Robert Allen ("Allen") is the sole inventor of the subject matter reflected in the patent. (*See* Plf. Compl. at 24.) The Declaratory Judgment Act authorizes federal district courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). An "actual controversy" between the parties is necessary to establish subject matter jurisdiction under the Act. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993). A justiciable controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests," rather than "an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). In an inventorship dispute, such as the alleged one in the present case, the question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil, Co.*, 312 U.S. 270, 273 (1941)).

In his Findings and Recommendation, Magistrate Judge Kaplan found that Plaintiff adequately pled that there was an actual controversy regarding ownership and inventorship of the '686 Patent. Accordingly to the Complaint, Gillman told potential investors that he "authored"

or "wrote" the patent and contended that it was his patent. (Compl. at 16, ¶ 44.) Plaintiff alleges this created an actual controversy as to the ownership and inventorship of the '686 Patent.

Defendants object to the Magistrate Judge's recommendation and argue that SES's sole basis for federal jurisdiction is the Declaratory Judgments Act. Defendants argue that SES has failed to raise a sufficient controversy over inventorship, and therefore, the Court does not have subject matter jurisdiction. In order to properly plead an inventorship dispute, Plaintiff must plead that that there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 126-27. Plaintiff's Complaint specifically details an instance in which Gillman put the inventorship, and derivatively, ownership, of the '686 patent at issue. The Complaint alleges:

> When SES's Patent and the value of the Patent became the subject of discussion, and after hearing that the potential investors associated a great deal of value to the Patent, Gillman suddenly and falsely claimed that it was his patent, that he wrote the Patent, that it is on his computer, and that he "authored" or "wrote" it, or words to that effect.

(Pl.'s Compl. at 16, ¶ 44.) These allegations, accepted as true, demonstrate that there is a substantial, real, and immediate dispute regarding ownership and inventorship of the '686 patent. These allegations allow Plaintiff to bring a claim under the Declaratory Judgments Act, and therefore, the Court has subject matter jurisdiction.

Although Defendants argue *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466 (Fed. Cir. 1997) controls, *Fina* predates *MedImmune*, the Supreme Court case that relaxed the standard for declaratory judgment. *MedImmune*, 549 U.S. at 126-27. Rather than embracing *Fina's* stricter "reasonable apprehension of suit," *MedImmune* held that the controversy must be definite and concrete. *MedImmune* at 126-27. Applying the relaxed standard espoused in *MedImmune*,

Plaintiff has adequately alleged a substantial controversy for which Plaintiff is entitled to seek declaratory relief in federal district court.

## III. Conclusion

For the foregoing reasons, the Court is of the opinion that the Findings and Recommendations of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. Accordingly, Defendants' Motion to Dismiss is DENIED. Defendants' Objections to Magistrate Judge Kaplan's Findings and Recommendations are OVERRULED.

**IT IS SO ORDERED.**

Signed this 22nd day of August, 2012.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE