IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STONEEAGLE SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:11-cv-2408-P |
| | § | |
| DAVID GILLMAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Talon Transaction Technologies, Inc. of Texas ("Talon") has filed a Motion for Protective Order, *see* Dkt. No. 342, which Judge Solis has referred to the undersigned magistrate judge, *see* Dkt. No. 346. Plaintiff StoneEagle Services, Inc. ("Plaintiff") filed its Response to Talon's Motion, *see* Dkt. No. 357, and Talon filed its reply, *see* Dkt. No. 361. The Motion is now ripe, and, having considered the briefing and applicable law, the Court determines that Talon's Motion should be granted.

### Background

Plaintiff brought the instant action on September 16, 2011, alleging, among other things, that the defendants misappropriated Plaintiff's trade secrets and confidential information. The parties were involved in a business arrangement wherein certain confidential information was disclosed by Plaintiff to various defendants under a non-disclosure agreement.

During the course of discovery, the Court entered a Protective Order to govern the disclosure of trade secrets and other confidential information, including financial

information. *See* Dkt. No. 56 at 1. The Protective Order protects information that is "Confidential" and information that is "Confidential Attorneys' Eyes Only." *Id.* Pursuant to the Protective Order,

> the Parties may designate as "Confidential," or "Confidential Attorneys' Eyes Only," any document, testimony, answers to interrogatories or other information or discovery material that they believe contains or discloses trade secrets, internal policies, procedures and operations, non-public customer, client or investor information, forecasts or strategies, analyses, appraisals, valuations or other non-public sensitive commercial, financial, private, and/or proprietary business or personal information.

*Id.* Under the Protective Order's terms, the discovering party can object to the producing party's designation. *See id.* at 3. If a party objects to the designation, the producing party must file a motion for protective order within fourteen days or the party loses the designation. *See id.* at 4.

Talon produced several private financial documents to Plaintiff in response to its discovery requests and designated the documents "Attorneys' Eyes Only." *See* Dkt. No. 342 at 3-4; Dkt. No. 343 at 4-9. The information includes "statements of Talon's income, costs, expenses, and other proprietary financial information for the years 2011 and 2012." *See* Dkt. No. 342 at 3-4; *see also* Dkt. No. 343 at 4-9.

Several months after Talon produced the documents, Plaintiff challenged the designation. *See* Dkt. No. 342 at 4. Talon offered to downgrade the designation of the documents to "Confidential." *See* Dkt. No. 342 at 4. While Plaintiff agreed to the downgraded designation, Plaintiff also requests that it be permitted to use the

documents in a related state court case between the parties. *See* Dkt. No. 357 at 1.[1]

Talon therefore filed its Motion with the Court, seeking an order to prevent Plaintiff from placing Talon's claimed confidential and private financial information into the public domain. *See* Dkt. No. 342. Plaintiff merely responded that "no harm" would result to Talon if Plaintiff used the documents in the state court action because Plaintiff "agrees to maintain the documents as 'Confidential' in the related action and to take all steps to make sure that the document is not publicly disclosed to anyone other than the state court." Dkt. No. 357 at 2.

## Legal Standards and Analysis

While Talon frames the issue in its Motion as a question of whether the financial information at issue was properly designated as "Confidential," the undersigned sees it as whether it is proper to alter the Protective Order so that Plaintiff may use the information in a manner not provided for in the Protective Order. Indeed, the parties seem to agree that the documents at issue be designated as "Confidential." *See* Dkt. No. 342 at 1; Dkt. No. 357 at 1.

Assuming *arguendo* that a dispute does exist regarding the Confidential designation, courts generally agree that financial information constitutes confidential information that falls under the protection of a protective order. *See Homevestors of*

---

[1] Plaintiff states in its Response that the related case is styled *SWG Investments, Ltd. v. Regions Bank v. Talon Transaction Technologies, Inc.*, and Plaintiff is the assignee of SWG Investment Ltd.'s judgment against Talon. *See* Dkt. No. 357 at 1 n.1. Neither party provided any additional proof as to how the instant case and the state court case, or the parties to each, are related.

*Am., Inc. v. LeGate*, No. 3:12-cv-1850-P, 2013 WL 3348948, at *5 (N.D. Tex. July 3, 2013) ("The Court is mindful that sensitive information may be contained in HBN's balance sheets and profit and loss statements. Therefore, the Court orders that all financial documents produced by HBN shall be treated as confidential and governed by the Protective Order...."). A review of the documents at issue reveals that they contain information related to Talon's profits and losses, cash flow, and balance sheets. *See* Dkt. No. 343 at 5-9. In light of the content of the documents and the fact that Plaintiff does not contest that the information is Confidential and protected under the Protective Order, it appears that the information is properly designated as "Confidential" under the Protective Order.

But Plaintiff suggests that, even if the information is Confidential under the Protective Order, this Court "can set conditions on the usage of the documents in the related case." *See* Dkt. No. 357 at 2. Plaintiff provides no support for this contention, however, and the undersigned can find none. And, as Talon points out, the process by which documents are deemed confidential in state court proceedings differs greatly from the process in federal court. *Compare* TEX. R. CIV. P. 76a, *with* FED. R. CIV. P. 26(c). Thus, the undersigned now evaluates whether the Protective Order may be altered under the circumstances.

"'An agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order.'" *Orthoflex, Inc. v. ThermoTek, Inc.*, Nos. 3:11-cv-870-D & 3:10-cv-2618-D, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013) (quoting *Paine v.*

-4-

*City of Chicago,* No. 06 C 3173, 2006 WL 3065515, at *2 (N.D. Ill. Oct. 26, 2006)). "As with all contracts, the ultimate question is what was the parties' mutual intent. The answer to that question is to be found within [the protective order's] four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *Id.*

The Protective Order states that "Confidential Discovery Material received through discovery in this action shall be used solely by the discovering party and solely for the purposes of this action." Dkt. No. 56 at 2. Thus, the plain language of the Protective Order demonstrates that the parties' mutual intent, as reflected within the Protective Order's four corners, does not include an exception for the parties to use the documents in related litigation.[2] *See Orthoflex,* 2013 WL 3095106, at *4; *see also U.S. Phillips Corp. v. Iwasaki Elec. Co.*, 142 F. App'x 516, 518 (2d Cir. 2005) (permitting use of confidential materials in a related case where the "plain language" of the protective order "affords broad discretion" to the district court to permit such disclosure). Plaintiff does not dispute this fact but, in essence, asks the Court to alter the terms of the Protective Order, after Talon produced documents with the assurance that they would be afforded the protection offered under the Protective Order. This the Court will not do, especially in light of the Protective Order's plain language.

---

[2] The undersigned acknowledges that the Protective Order was not completely agreed to by both parties. *See* Dkt. Nos. 39, 45, & 49. However, the only provisions upon which the parties failed to agree related to the consulting expert disclosure provision and the snap-back provision, and as such, the relevant provisions were agreed to by the parties. *See* Dkt. No. 45 at 2. Moreover, the protective order at issue in *Orthoflex* also was not completely agreed to, as, much as in the instant case, the court there made modifications before entering it. *See* Dkt. No. 56; *Orthoflex,* 2013 WL 3095106, at *3.

Moreover, Plaintiff has provided no good cause as to why the Protective Order should be modified, including providing no indication or explanation as to why it cannot use the discovery process in its state court proceedings to try to obtain the information it desires. In fact, the United States Court of Appeals for the Fifth Circuit has recognized that it may do so and that "questions of discoverability in the state litigation of materials discovered in the federal litigation are, of course, for the state courts ... before whom the litigation ... is pending." *See Superior Oil Co. V. Am. Petrofina Co. of Tex.*, 785 F.2d 130, 130 (5th Cir. 1986). Thus, the undersigned concludes that it is not proper to alter the Protective Order, especially where Talon produced information with the assurance of the protection of the Protective Order and where no showing has been made that the information would be relevant or not obtainable through the state court discovery process.

## Conclusion

For the foregoing reasons, Defendant Talon Transaction Technologies, Inc. of Texas Motion for Protective Order [Dkt. No. 342] is GRANTED.

SO ORDERED.

DATED: November 13, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE